UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADRIAN D. HARRY, )<br>)<br>Defendant. )<br>) | 2:17-CR-0203-TOR<br><br>Protective Order Regarding Privacy<br>and Compliance with 18 U.S.C. § 3509 |

BEFORE THE COURT are the United States' Motion for a Protective Order and Motion to Expedite (ECF Nos. 30, 31). The motions were submitted for consideration without oral argument. Having reviewed the file and the records therein, the Court is fully informed. Good cause having been shown, the motions are granted.

IT IS HEREBY ORDERED that the privacy protection measures mandated by 18 U.S.C. § 3509, apply in this case because it involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person;

IT IS FURTHER ORDERED that all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. § 3509(d)(1) and (2), as follows:

Protective Order

(d) Privacy protection.—

    (1) Confidentiality of information.—

        (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall—

            (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

            (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

        (B) Subparagraph (A) applies to—

            (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

            (ii) employees of the court;

            (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

            (iv) members of the jury.

      (2)    Filing under seal.—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—

           (A)    the complete paper to be kept under seal; and

           (B)    the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

IT IS FURTHER ORDERED that counsel shall remind all persons providing assistance on this case of these obligations.

IT IS FURTHER ORDERED that any alleged minor victim will be referred to either by initials or a pseudonym, whichever is agreed upon by counsel for the United States and Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1," "Jane Doe 2"), rather than their names, in opening statements and in closing arguments.

IT IS FURTHER ORDERED that a pseudonym shall also be used for any potential witnesses who will not be 21 years of age at the time of trial but who will testify about events that took place when they were minors.

IT IS FURTHER ORDERED that the following information shall be precluded from public disclosure: any personal information that relates to any person for whom identifiers will be used.

1  IT IS SO ORDERED. The District Court Clerk is directed to enter this order and

2  furnish copies to counsel.

4  DATED February 5, 2018.



THOMAS O. RICE
Chief United States District Judge